Dear Mr. Mosley:
This office is in receipt of your opinion request on behalf of the Grant Parish Police Jury wherein you ask whether the Police Jury may assess a franchise fee against the Rapides Parish Waterworks District #3. From the information provided by your office, we understand that the Waterworks District owns property adjacent to Big Creek in Grant Parish on which is located its pumping station. The pumping station is used to draw water from Big Creek which is sold by the Waterworks District to residential and industrial customers located in both Rapides Parish and Grant Parish.
La. R.S. 33:3815.2 provides for the powers of waterworks districts, and states, in pertinent part:
 A. This Section shall apply only to waterworks districts . . . which own property in an adjoining parish or parishes. . . .
 B. . . . The waterworks district may . . . acquire by donation, purchase, exchange, lease, or otherwise, any property or facilities located at any location which affects the object for which the waterworks district was formed. . . .
 * * *
 D. Nothing in this Chapter shall be construed so as to restrict a waterworks district, created by the governing authority of one parish, from being authorized to supply water services to other waterworks or fire districts or persons in an adjoining parish, where the governing authority of that adjoining parish grants by majority resolution or franchise agreement, permission to provide said services
 E. A waterworks district of one parish, which supplies water to, or takes water from, an adjoining parish, shall only do so under the terms and conditions set forth in a franchise agreement or majority resolution of the governing authority of the adjoining parish and a majority resolution of the governing authority of the creating parish.
The Rapides Parish Waterworks District takes water from a water body located in Grant Parish. Additionally, the District supplies water to customers located in both Rapides Parish and Grant Parish. Pursuant to this section, in order for the Waterworks District to continue to draw water from Big Creek and sell water to customers in Grant Parish, it must do so by entering into a franchise agreement or by a majority resolution of the governing authorities of Grant Parish and Rapides Parish. While this section does not specifically state that a franchise fee may be charged, historically, governmental subdivisions have charged such fees. See for example, Maestri v. Board of Assessors, et al.,34 So. 658 (La. 1903) (Lots and structures built thereon by franchisee accrue to City upon termination of franchise agreement.), Gill v.City of Lake Charles, 48 So. 440 (La. 1909) (Fee of two and one-half percent of annual income from franchise of street railroad). In a more recent case, Haynes v. Recreation and ParkCommission of East Baton Rouge Parish, 411 So.2d. 495 (La.App. 1 Cir., 1982), plaintiff operated an amusement train at the Baton Rouge zoo. In consideration of this "franchise", plaintiff agreed to pay as a fee a specified percentage of annual gross sales.
Based upon the above, it is the opinion of this office that Grant Parish may charge a franchise fee to the Rapides Waterworks District #3 under the terms and conditions of a franchise agreement pursuant to La. R.S. 33:3815.2.
Should you have any further questions, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: FREDERICK C. WHITROCK
Assistant Attorney General RPI/FCW/crt